## NATIONAL HARROW CO. v. HENCH et al.

(Circuit Court, E. D. Pennsylvania. April 26, 1897.)

1. COSTS—APPEAL FROM TAXATION.
   Whether an appeal lies from the order of the circuit court dismissing exceptions to the clerk's taxation of costs,—quære? Appeal allowed in order to save expense, without prejudice to the right of appellees to move to dismiss in the circuit court of appeals; the main cause having also been appealed to that court.

2. APPEAL—SURETY ON BOND FOR COSTS.
   The appellee having objected to the surety tendered on a bond for security for costs upon an appeal from an order dismissing exceptions to the taxation of costs, and the appellant having stated that it was ready to furnish a bond satisfactory to the court, the court required another bond, with a different surety, to be submitted to it for approval; 48 hours' notice to be given appellee's counsel.

3. SAME.
   Where a surety on a bond for costs upon appeal has been approved for about one month, it is too late for appellee to move for the withdrawal of the approval.

This was a petition for allowance of an appeal from the order of the court dismissing exceptions to the clerk's taxation of costs. Motion for the withdrawal of the approval of surety upon appellant's bond.

The motion for the withdrawal of the approval of the surety was supported by an affidavit setting out that the surety was a foreign corporation, organized under the laws of the state of Maryland, without assets in Pennsylvania; that the bond approved did not provide for execution in the event of default; that the president of the appellant, the principal in the bond, is one of the firm who are agents and attorneys for the surety at Utica, N. Y.; that the alleged certificate of the attorney general attached to the appointment of Herman Hoopes as local agent for the surety provides only that the surety is "granted authority to do business under" the act of congress of August 13, 1894 (2 Supp. Rev. St. U. S. p. 237), and is not a proper certificate, but only a printed circular; that the bond was not properly executed by the surety; and that the surety was also surety on a prior bond given by complainants in the same cause for costs, and that, when costs became due, secured by the bond, the surety failed to pay, and the appellee was compelled 'to bring suit upon the bond. This bond had been approved March 26, 1897, and the motion was not filed until April 19, 1897.

Risley, Robinson & Love, for complainant.
Strawbridge & Taylor, for defendants.

DALLAS, Circuit Judge (after stating the facts as above). 1. The petition of the plaintiff, praying allowance of appeal from the order of this court of April 10, 1897, dismissing the exceptions to the clerk's taxation of costs, has been argued by the counsel of the respective parties, and fully considered. I have great doubt as to whether an appeal lies from such an order, but think that this doubt should not induce a refusal to allow it. My present action will not prejudice any motion which the defendants may make for dismissal in the court of appeals; but, if the present application were denied, the plaintiff would be compelled to resort to a proceeding involving expense and inconvenience to correct my judgment, if erroneous. Upon compliance by the plaintiff with the requirements of law, its appeal will be allowed.

2. In view of the opposition of counsel for defendants, and of the statement in the affidavit of the president of the corporation plaintiff that the latter "is ready to furnish a bond satisfactory to the court," the surety named in the bond submitted will not be accepted upon the appeal above referred to, but another bond, with different surety, may be submitted at chambers, upon 48 hours' notice to defendants' counsel.

3. Appellee's motion for order withdrawing court's approval of bond for costs on appeal allowed March 26, 1897, has also been argued and considered. The surety was approved about one month ago, and I do not think that the facts now disclosed show that the protection of the defendants require that approval to be withdrawn. Therefore this motion is denied.